UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARAZ HOSEIN,

                Plaintiff,

-against-

ALEJANDRO N. MAYORKAS,

                Defendant.

21-CV-4057 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application, but his responses do not establish that he is unable to pay the filing fees. Plaintiff alleges that he is not employed and has no sources of income. In response to the question on how he is able to pay his expenses, Plaintiff states that he is "a caretaker to [his] elderly disabled parent with physical disabilities and intellectual disabilities." (ECF 1 at 2.) Plaintiff responds "NA" to the remaining questions about his bank accounts, property, expenses, dependents, and debts. Because Plaintiff fails to supply sufficient information about his income, expenses, and any assets he may have, the Court is unable to conclude that he lacks sufficient funds to pay the filing fees for this action.

    Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 21-CV-4057 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the filing

fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: July 2, 2021
New York, New York

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge